## WASHINGTON EXCHANGE BANK *et al. v.* BARNETT,
### tax-collector, *et al.*

1. The provisions of sections 6, 13, and 14 of the act of the General Assembly of Georgia for the equalization of taxation in this State, approved August 14, 1913 (Acts 1913, p. 123), are not unconstitutional upon the grounds assigned.
2. The judge was authorized to find from the evidence that the taxpayers whose tax returns were changed were served with notices as provided by law.
3. There was sufficient evidence to authorize the court to find that the changes in the assessments had been made by the county board of tax-assessors in accordance with instructions and directions from the State tax commissioner.

No. 2680.     FEBRUARY 17, 1922.

Petition for injunction. Before Judge Hodges. Wilkes superior court. May 21, 1921.

The Washington Exchange Bank and some 33 citizens and taxpayers of Wilkes County filed their equitable petition against the tax-collector, the sheriff, and the tax-receiver of the county, seeking to enjoin the defendants from enforcing certain tax fi. fas. It is alleged in the petition, that within the time required by law petitioners legally and properly made returns of their property for taxation, in the year 1920; that for that year the board of tax-assessors for the county were ordered by the State tax commissioner to increase the value of the assessment in Wilkes County 75 per cent. over the previous year's assessment, which the board of assessors and equalizers refused to do, but did increase the same 35 per cent. over the preceding year; that the board of assessors made report and wound up the business of the board in the year 1920 within the time required by law, their report showing an increase in the valuation of all the property in the county of 35 per cent., and gave notice by mailing same to petitioners; that petitioners were not given notice as provided by law of the increase in the assessment, and had no opportunity to be heard, so as to contest the raise in the valuation of their property, until after the assessment was made. In the petition an attack is made upon the constitutionality of sections 6, 13, and 14 of the act providing for a system of equalization of taxation in this State, approved August 14, 1913 (Acts 1913, p. 123).

At the interlocutory hearing the judge passed an order dissolving the restraining order theretofore granted, and refused the injunction.

*I. T. Irvin Jr.,* for plaintiffs.

*Clement E. Sutton* and *Alvin G. Golucke,* for defendants.

GILBERT, J. (After stating the foregoing facts.)

1. The court below did not err in refusing an injunction in this case. The questions of the constitutionality of those parts of the act here attacked have already been passed upon and discussed at length, rendering unnecessary a further discussion, inasmuch as we adhere to these decisions. In the case of *Ogletree* v. *Woodward,* 150 *Ga.* 691 (105 S. E. 243), not only is the decision rendered adversely to the contentions of the plaintiffs in error here, upon the constitutionality of the law, but the questions are there dealt with at length by Justice George; and that decision and the decisions upon which it is based uphold the constitutionality of the equalization act as against the attacks made in the instant case. The *Ogletree* case deals with all the questions made as to the constitutionality of sections 13 and 14, and also points out that the decision in the case of Turner *v.* Wade, 254 U. S. 64 (41 Sup. Ct. 27, 65 L. ed.), affects only that part of section 6 of the equalization act which contains the particular provision embodied in these words: " else the decision of said board shall stand affirmed, and and shall be binding in the premises." And it was also ruled in this connection, in the *Ogletree* case, supra, that, " the main purpose of the statute not being affected by the unconstitutionality of the particular provision, the whole act is not thereby defeated." Upon a review of that case, made at the request of the plaintiffs in error, the court declines to reverse and set aside that decision.

2. The allegation in the petition, that notices of the changes made in the taxpayers' returns and of the increased assessments were not given as required by law, does not seem to be borne out by the evidence submitted at the hearing. At least, there is evidence in the record from which the judge could have found that the notices were duly served. An affidavit was submitted at the hearing, made by D. S. Standard, showing that he was a member of the board of tax-equalizers for Wilkes County during the year 1920, and this affidavit contains the recital that " The board caused written notice to be served by the deputy sheriff of said county on all parties in said county whose cases are named, before the raise of their properties returned became finally fixed within the time required by law. That the only notices sent by mail were those to

taxpayers living without said county and State, as required by the act."

3. It is alleged in the petition that the increase of 20 per cent. in the valuations of the properties for which the taxes were assessed was not made by the board of county tax-assessors, although the State tax commissioner had already directed that such increase be made, but that the increase was made by the tax-receiver himself. The judge was authorized to find to the contrary of this allegation. In the record we find the following affidavit made by P. N. Combs, tax-receiver of the county: "That on or about the —— day of July, 1920, he was ordered by the State tax commissioner of Georgia to increase assessments of property of Wilkes County of each taxpayer thereof twenty per cent. over the assessments fixed by the board of county assessors for the year 1920. That the tax commissioner ordered the county tax-assessors to make this increase, but that they refused to do so, and thereafter he was ordered to have said twenty per cent. of values added to each taxpayer's assessment in said county. That he objected to doing this, and sent an attorney to Atlanta to endeavor to get the State tax commissioner to rescind this order, but that the said State tax commissioner refused to do so." But further on in the record we find another affidavit made by the same witness, as follows: "That said P. N. Combs is tax-receiver of Wilkes County, Ga., and acted as such during the year 1920. That he also served as clerk to the local board of tax-equalizers of said county. That on or about the —— day of ————, 1920, after the book of the tax-receiver was made up and mailed to the comptroller-general, that about the date of July 30, 1920, he was instructed by the local board of tax-equalizers of Wilkes County, Ga., acting under advice from Hon. H. J. Fullbright, State tax commissioner, and also by the said State tax commissioner directly, to add 20 per cent. increase to all the taxable property returned for taxation in Wilkes County for the year 1920, in order to equalize the taxes of said county with other sections of the State. That such instructions were immediately carried out, and all returns of taxpayers were raised 20 per cent. of the amount of the original return." Construing the two together, as it is not absolutely necessary to hold that they are contradictory, it means that the affiant, clerk of the board, acting under the instructions of the

board, made the changes complained of. And this was sufficient compliance with the law requiring the changes to be made by the board.

*Judgment affirmed. All the Justices concur, except Beck, P. J., disqualified.*